Filed            22-CI-00052      02/17/2022           Greg Helton, Knox Circuit Clerk

NOT ORIGINAL DOCUMENT
03/02/2022 02:19:05 PM
CSIZEMORE

COMMONWEALTH OF KENTUCKY
KNOX CIRCUIT COURT
CIVIL ACTION NO. 22-CI-00____

COURTNEY HENSON                                                                                    PLAINTIFF,

vs.

C.A.R. TRANSPORT, INC.
AND JONATHAN E. FARMER,                                                                    DEFENDANTS.

Serve by Kentucky Secretary of State:

    Agent of Service for
    C.A.R. Transports, Inc.
    1475 S. Burleson Boulevard
    Burleson, TX 76028

Serve by Kentucky Secretary of State:

    Jonathan E. Farmer
    202 Courtney Circle
    Cumberland Gap, TN 37724

---

## COMPLAINT

---

    Comes now the Plaintiff, Courtney Henson, by and through counsel, for his Complaint against the defendants, states as follows:

    1.    The plaintiff is and was at all times relevant hereto a resident of Laurel County with a mailing address of 89 Rubert Lane B, London, Ky 40744.

    2.    The defendant, C.A.R. Transport, Inc. is a corporation, having its principal place of business at 1475 S. Burleson Blvd., Burleson, TX 76028, and may be served

Filed            22-CI-00052      02/17/2022           Greg Helton, Knox Circuit Clerk

Presiding Judge: HON. GREGORY A. LAY (627226)

COM : 000002 of 000008

with process by serving its registered agent for service of process at C.A.R. Transport, Inc., 1475 S. Burleson Blvd., Burleson, TX 76028.

3. The Defendant, Jonathan E. Farmer, is and was at all times relevant herein, a resident of Tennessee with an address of 202 Courtney Circle, Cumberland Gap 37724.

4. On or about November 26, 2021, the Plaintiff, Courtney Henson, was operating a vehicle with all due care on US 25 East/Ky 2417, a public roadway, at or near Corbin in Knox County, Kentucky.

5. That on or about November 26, 2021, the Defendant, Jonathan E. Farmer, was operating a commercial truck, owned and maintained by the Defendant, C.A.R. Transport, Inc., in such a negligent and/or grossly negligent manner as to cause a collision with the vehicle being occupied by Plaintiff, thereby causing plaintiff to suffer severe bodily injuries.

## COUNT I

6. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

7. Based upon information and belief, Plaintiff alleges that Defendant, Jonathan E. Farmer, at the time of incident complained of herein, was an employee, agent, servant, and/or representative of Defendant, C.A.R. Transport, Inc., and on the date and at the time of the incident complained herein, Defendant, Jonathan E. Farmer, was acting within the scope and course of his employment or agency and/or as a representative of Defendant, C.A.R. Transport, Inc..

8. Based upon the employee-employer, master-servant, agency, and/or representative relationship which existed between Defendant, Jonathan E. Farmer and Defendant, C.A.R. Transport, Inc., at the time of the incident complained of herein, these Defendants are jointly and severely liable for the negligence and/or gross negligence of Defendant, Jonathan E. Farmer, as set forth below.

## COUNT II

9. Plaintiff, Courtney Henson, adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

10. That on the date and at the time of the incident set out herein, Defendant, C.A.R. Transport, Inc. was the owner of the vehicle being driven by Defendant, Jonathan E. Farmer, at the time of the above-described vehicle crash.

11. That on the date and at the time of the incident set out herein, Defendant, C.A.R. Transport, Inc., expressly or impliedly permitted Defendant, Jonathan E. Farmer, to operate its motor vehicle with actual or constructive knowledge that he was otherwise in unfit to operate a motor vehicle.

12. That Defendant, C.A.R. Transport, Inc., under said circumstances, was negligent and/or grossly negligent in entrusting its vehicle to Defendant, Jonathan E. Farmer, and negligent and/or grossly negligent in not supervising his operation of said vehicle on the date and time of the collision.

13. That as a direct and proximate result of the negligence and/or gross negligence of Defendant, Jonathan E. Farmer, in operating his motor vehicle owned and maintained by Defendant, C.A.R. Transport, Inc., Plaintiff, Courtney Henson, has

NOT ORIGINAL DOCUMENT
03/02/2022 02:19:05 PM
CSIZEMORE

suffered damages in excess of the jurisdictional limits of this Court and in excess of the diversity jurisdictional limits of the Knox Circuit Court.

## COUNT III

14. Plaintiff, Courtney Henson, adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

15. That as a direct and proximate result of the negligence and/or gross negligence of Defendant, Jonathan E. Farmer, in operating the truck owned and maintained by Defendant, C.A.R. Transport, Inc., Plaintiff, Courtney Henson, was caused to suffer serious bodily injuries, and because of the serious bodily injuries sustained by Plaintiff, Courtney Henson. Plaintiff, Courtney Henson, has been caused to suffer pain, suffering, mental anguish and inconvenience and will continue to suffer such pain, suffering, mental anguish and inconvenience in the future.

16. That as a direct and proximate result of the negligence and/or gross negligence of Defendant, Jonathan E. Farmer, in operating the truck owned and maintained by Defendant, C.A.R. Transport, Inc., the Plaintiff, Courtney Henson, has incurred, and will incur in the future, medical expenses and physician expenses.

17. That as a direct and proximate result of the negligence and/or gross negligence of Defendant, Jonathan E. Farmer, in operating the truck owned and maintained by Defendant, C.A.R. Transport, Inc., the Plaintiff, Courtney Henson, has suffered lost wages and a permanent impairment of his ability to earn money in the future.

18. That as a direct and proximate result of the negligence and/or gross negligence of Defendant, Jonathan E. Farmer, in operating the truck owned and maintained by Defendant, C.A.R. Transport, Inc., the Plaintiff, Courtney Henson, has been caused to suffer damage in excess of the jurisdictional limits of this Court.

## COUNT IV

19. Plaintiff adopts and reiterates each and every allegation as if set out fully herein and incorporates the same by reference.

20. That the acts and/or actions of Defendant, Jonathan E. Farmer, as set forth above, constitute *negligence per se*, and Defendants are liable to Plaintiff for all damages, set forth herein that flow from said *negligence per se*.

## COUNT V

21. Plaintiff, Courtney Henson, adopts and reiterates each and every allegation as if set out fully herein, and incorporates the same by reference.

22. That the acts and/or actions of Defendant, Jonathan E. Farmer, as set forth above, constitute such gross negligence and/or gross negligence, malice, and reckless disregard for the lives and safety of others so as to warrant the imposition of punitive damages, and that imposition of punitive damage is necessary to serve as a deterrent effect to this Defendant and others similarly situated.

**WHEREFORE**, the plaintiff, Courtney Henson, demands as follows:

1. Judgment against the Defendants, C.A.R. Transport, Inc. and Jonathan E. Farmer, jointly and severally, in favor of Plaintiff in an amount in excess of

the jurisdictional limits of this Court, said amount to be that which is determined as being fair and reasonable by all the evidence, for the following elements of damages:

(a) Past mental and physical pain, suffering and inconvenience;

(b) Future mental and physical pain, suffering and inconvenience;

(c) Permanent impairment of the power to earn money;

(d) Lost wages;

(e) Future medical expenses, past medical expenses, and lost wages to the extent that these elements of damages are not paid or payable to the Plaintiff by his own insurance carrier pursuant to the provisions of KRS Chapter 304;

(f) Punitive damage; and

(g) Miscellaneous expenses incurred by Plaintiff, including but not limited to, travel expenses, necessitated by the negligence and/or gross negligence acts of the Defendants.

2. Pre-judgment and post-judgment interest;

3. Trial by jury;

4. Plaintiff's costs herein expended.

5. Any and all other relief to which Plaintiff may be entitled.

LAW OFFICE OF KEVIN W. JOHNSON

/s/Kevin W. Johnson, Esq.
Law Office of Kevin W. Johnson
225 Main Street

Hazard, Kentucky 41701
Telephone: 606-439-2093
Facsimile: 888-704-0292
Email: kwjlaw@gmail.com
*Counsel for Plaintiff, Courtney Henson*