UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| COURTNEY HENSON,  )<br> )<br>Plaintiff,  )<br> )<br> )<br>v.  )<br> )<br>C.A.R. TRANSPORT, INC.,  )<br>and JONATHAN E. FARMER,  )<br> )<br>Defendants.  )<br> )<br> ) | No. 6:22-CV-44-HAI<br><br><br>MEMORANDUM OPINION<br>& ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On March 2, 2022, Defendants C.A.R Transport, Inc., and Jonathan E. Farmer, through counsel, removed this case from the Knox County Circuit Court. D.E. 1. On April 14, 2022, the Court ordered that Defendants show cause why this matter should not be remanded for lack of diversity jurisdiction. D.E. 9. Specifically, the Court ordered Defendants to submit proof concerning the amount in controversy. *Id.* On May 2, 2022, Defendants filed a response to the Court's order. D.E. 10. On May 5, 2022, Plaintiff Courtney Henson filed a reply to Defendants' response. D.E. 11. On May 9, 2022, Defendants filed a sur-reply. D.E. 12. On May 26, 2022, Plaintiff filed answers to Defendants' requests for admission, which indicate that he will not seek, request, or accept an award of more than $75,000. D.E. 13. The matter now stands submitted.

**I.**

On February 17, 2022, Plaintiff Courtney Henson filed a civil complaint in Knox County Circuit Court (Action No. 22-CI-00052) against Defendants Jonathan E. Farmer and C.A.R. Transport, Inc. *See* D.E. 1-2 ("Complaint"). Plaintiff alleges that, on November 26, 2021, Mr.

Farmer, acting in the scope and course of his employment by C.A.R. Transport, Inc., negligently operated a commercial truck on U.S. 25 East/Ky-2417 that caused a collision with Plaintiff's vehicle. D.E. 1-2 at 1-2. Plaintiff alleges that he suffered severe bodily injuries as a result of the collision. *Id.* at 2. Plaintiff also alleges that Defendants are jointly and severally liable based upon their employee-employer relationship. *Id.* at 3. Plaintiff states that his damages exceed the jurisdictional limits of the circuit court. *Id.* at 5-6.

On March 2, 2022, Defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. *See* D.E. 1. Defendant asserts that complete diversity exists between the parties because Plaintiff is a citizen of London, Kentucky, Defendant Jonathan Farmer is a citizen of Tennessee, and Defendant C.A.R. Transport, Inc., is a citizen of Texas and Kansas. *Id.* at 2; *see also* 28 U.S.C. § 1332(c)(1) (A corporation is a citizen of the states where "it has been incorporated and . . . where it has its principal place of business[.]"). Defendants also argue that, although Plaintiff's Complaint does not specify an amount, the types of damages sought and alleged severity of the injuries suffered by Plaintiff are sufficient to meet the amount in controversy requirement. D.E. 1 at 2.

On April 14, 2022, this Court ordered Defendants to show cause why this matter should not be remanded for lack of diversity jurisdiction. D.E. 9. Specifically, the Court ordered additional information concerning the amount in controversy. *Id*. The Defendant filed its response to the order on May 2, 2022, claiming the amount in controversy requirement was met based on Plaintiff's failure to itemize his damages in his initial disclosures or otherwise stipulate that he will not seek damages in excess of $75,000, the severity of the collision, and the requirement that commercial vehicles carry at least $750,000 in liability insurance. D.E. 10. On May 5, 2022, Plaintiff filed his reply to Defendants' response, indicating that his known medical

2

bills total $13,986.50 and that he previously disclosed to Defendants that he does not believe damages will exceed $75,000. D.E. 11. Plaintiff's response also states that he has never inferred that the case is more valuable due to the type of vehicle driven by Defendant Farmer and that he does not have any past lost wages. *Id.* Defendants filed a sur-reply on May 9, 2022, indicating, in addition to their previous arguments, that the $13,986.50 in medical bills, when considered with the types of damages sought, satisfies the amount in controversy requirement. D.E. 12. Defendants also argue that Plaintiff's failure to respond to their email inquiring about a settlement demand, file a motion to remand, or address this issue during the Rule 26(f) planning conference supports that their burden has been met. *Id.*

## II.

Diversity-based removal requires "plausible allegation[s]" of complete diversity[1] and a sufficient amount in controversy. *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). Defendant bears the burden of demonstrating that removal of this action is proper. *Conrad v. Robinson*, 871 F.2d 612, 614 (6th Cir. 1989). Defendants contends that removal is proper pursuant to 28 U.S.C. § 1441(a) because the parties are diverse in citizenship and the amount in controversy exceeds $75,000. D.E. 1.

As the removing party, it is Defendant's burden to show by a preponderance of the evidence that the amount in controversy requirement has been met. *Hayes v. Equitable Energy Resources Co.*, 266 F.3d 560, 572 (6th Cir. 2001). "This standard 'does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement.'" *Id.* (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). "To overcome the presumption against removal, however, the

---

[1] There is no dispute that complete diversity exists between the parties.

3

removing party must set forth more than theoretical or speculative claims that might take the amount in controversy over the jurisdictional amount." *Suwala v. Progressive Ins. Co.*, No. Civ. A. 2005-135, 2005 WL 2076490 at *2 (E.D. Ky. Aug. 25, 2005). To determine the amount in controversy, the Court first looks to the allegations in the Complaint. *Id.* "If the complaint is not dispositive, [the Court] looks to the allegations in the notice of removal. The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." *Id.* (quoting *Nat'l Nail Corp. v. Moore*, 139 F. Supp. 2d 848, 850 (W.D. Mich. 2001)).

In accordance with Kentucky Rule of Civil Procedure 8.01, the Complaint demands judgment in Plaintiff's favor "in an amount in excess of the jurisdictional amounts of [the Knox County Circuit Court]." *See* Complaint at ¶ 22. The Complaint also demands seven types of damages, including past and future mental and physical suffering, lost wages, past and future medical expenses, punitive damages, and miscellaneous expenses. *Id.* Defendants argue that they have met their burden based on the types of damages demanded, known amount of Plaintiff's medical bills, and Plaintiff's failure to stipulate that the amount in controversy does not exceed $75,000. *See* D.E. 10; D.E. 12. Defendants also request that, if this Court holds that the amount in controversy requirement has not been satisfied, this matter be held in abeyance until June 2, 2022, to allow Plaintiff to answer their requests for admission. D.E. 12 at 3. These answers were filed by Plaintiff on May 26, 2022.

While Defendants' request to hold this matter in abeyance pending Plaintiff's answers to requests for admission is moot, this Court agrees with Judge Thapar that "jurisdictional discovery is anathema to the limited nature of federal jurisdiction and the need to respect the authority of states courts." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 949 (E.D. Ky.

4

2010). While other federal courts have "allowed jurisdictional discovery in cases such as this – permitting a removing defendant an opportunity to establish the amount in controversy . . . – this Court respectfully disagrees with [those] decisions." *Id.* (citing *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 367 (7th Cir.1993); *LaSusa v. Lake Mich. Trans–Lake Shortcut, Inc.*, 113 F. Supp. 2d 1306, 1310–11 (E.D. Wis. 2000)).

"[T]o remove a case from state court to federal court, a defendant must be able to demonstrate, at the moment of removal, that the case meets the requirements for federal jurisdiction." *May*, 751 F. Supp. at 955. However, Defendants have not met their burden that the amount in controversy exceeds $75,000, as required by 18 U.S.C. § 1332(a). Defendants argue that the types of damages sought and $13,986.50 in Plaintiff's known medical bills make it more likely than not that the amount in controversy exceeds $75,000. Defendants offer mere averments that the amount in controversy exceeds $75,000, which are insufficient to meet their burden. *King v. Household Finance Corp. II*, 593 F. Supp. 2d 958, 960 (E.D. Ky. 2009). Further, Plaintiff has now filed his answers to Defendants' requests for admission, which unequivocally indicate that he will not seek, request, or accept an award of more than $75,000. D.E. 13. Thus, Defendants have failed to demonstrate that the amount in controversy exceeds $75,000.

### III.

For the above reasons, the Court **HEREBY ORDERS** that this matter be **REMANDED** back to state court for lack of jurisdiction. The relevant law is settled, and Defendants have failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

This the 31st day of May, 2022.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge